tion 3228 of this .act, where he is not entitled to costs, as prescribed in that subdivision." For former reports, see .9 N. Y. Supp. 423, and 13 N. Y. Supp. 228.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

A. *Britton Havens*, for appellant.    *Jacob F. Miller*, for respondent.

PER CURIAM. The plaintiff, not having succeeded in the action, which was for a money demand, is not entitled to an additional allowance, nor was there judgment in his favor on the counter-claim.    Sections 3228, 3234.    The part of the judgment appealed from by defendant is reversed.

---

### GILMAN *v*. TUCKER.

*(Superior Court of New York City, General Term.   January 5, 1891.)*

EXECUTION—SALE—VALIDITY.

Where an action is begun by attachment of the property of defendant on the ground of his non-residence the execution on judgment in plaintiff's favor must recite the attachment, and require the sheriff to satisfy the judgment out of (1) the personal property attached, (2) the personal property unattached, (3) the real property attached, and (4) real property not attached, as provided by Code Civil Proc. N. Y. § 1370; and where the execution directs the sheriff to satisfy the judgment out of defendant's property generally, as if there had been no attachment, the purchaser at the execution sale acquires no title.

Appeal from special term.

Action by Cornelia Gilman against Preble Tucker to compel the determination of a claim to real property under Code Civil Proc. § 1638.    The following is the substance of the finding of facts at special term:  Plaintiff acquired the land in question in 1864, and has been in possession ever since.    On May 20, 1884, an action was brought against her and one Andrew E. Smythe by one Augustus Prentice to recover $1,621.98.    On the same day an attachment was issued against the property of defendants in that action on the ground of their non-residence.    This attachment was levied on May 22, 1884, on the property in question.    Defendants appeared generally in that action, and on August 7, 1884, Prentice recovered a judgment against them by default.    On November 25, 1884, execution was issued on said judgment, which execution failed to recite the attachment, and required the sheriff to satisfy the judgment in the same manner as if no attachment had. ever been issued, instead of requiring him to sell (1) the personal property attached, (2) the personal property not attached, (3) the real property attached, and (4) the real property not attached; as required by Code Civil Proc. N. Y. § 1370.    On the sale under the execution the property in question was bid in by Prentice for $1,900.64.    On March 1, 1886, one Mary N. P. Tucker .recovered a judgment against Cornelia Gilman, plaintiff herein, in the supreme court for the county of New York, and this judgment was afterwards assigned to Preble Tucker, ;defendant in this action.    By virtue of this assignment defendant, Preble Tucker, redeemed the land in question from Prentice, who .had acquired the .same. at the execution sale.    Subsequently, on appeal to the general term of the supreme court, the judgment recovered ·by Mary N. P. Tucker against Cornelia Gilman, the plaintiff herein, and assigned to Preble Tucker, was reversed, and in all things set aside.    Cornelia Gilman then instituted the present action against Preble Tucker.    At the special term the following opinion was delivered by TRUAX, J.: "At one time the plaintiff was the .owner of the property described in the complaint, but the defendant claims she was divested of that title by a certain deed made by the sheriff of the city ·and county of New York, as sheriff, to the defendant.    The plaintiff claims that such deed was void.    I think that is settled by the case of *Place* v. *Riley*, 98 N. Y. 1, that said deed is void.    That case also determines that under a void process no title can be acquired, but the defendant, by reason of

said deed, claimed title adverse to that of plaintiff. This action thus comes within section 1638 of Code of Civil Procedure. Judgment is ordered for plaintiff, with costs." From a judgment entered in accordance with this opinion defendant appeals. For prior litigation between the same parties, see 7 N. Y. Supp. 682, 11 N. Y. Supp. 555, and 24 N. E. Rep. 302.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Charles J. Hardy,* for appellant. *Charles E. Hughes,* for respondent.

PER CURIAM. Judgment affirmed, with costs.

---

### TALLMAN v. EARLE.

*(Common Pleas of New York City and County, General Term.* April 6, 1891.)

1. RELEASE—CONSIDERATION.
   A release of a tenant from the terms of a lease on his surrender of the property and agreement to pay the costs of reletting is based on a sufficient consideration.

2. ACTION FOR RENT—SURRENDER OF TERM—EVIDENCE.
   Plaintiff released defendant by parol from a lease under seal, and resumed possession of the premises, the defendant indemnifying him against charges for reletting, and delivering up the keys. *Held,* that evidence of these facts should have been admitted in an action for the rent after surrender of the premises to show a parol release, and as the jury might have found therefrom a surrender of the premises by operation of law, exonerating the defendant from further liability under the contract.

3. REVIEW ON APPEAL—OBJECTIONS NOT RAISED BELOW.
   An objection of variance, not made at the trial, is not available on appeal.

Appeal from trial term.

Action by Jacob B. Tallman against Ferdinand P. Earle to recover for seven months' rent of apartments let to the defendant on the first floor of the premises 37 West Fifty-Third street. The answer averred that the building was insecurely erected and untenantable, specifying the particulars, and that in September, 1879, the defendant having paid his rent to the 1st day of October, 1879, a new agreement was entered into between the plaintiff and defendant, whereby it was agreed that if the defendant would surrender the premises, and should agree to pay to one V. K. Stevenson the commissions which he should charge upon the reletting thereof, he would receive the same in full satisfaction and discharge of the alleged letting set forth in the complaint. The answer further avers the surrender of the premises and the agreement by the defendant, and that he has indemnified and kept harmless the plaintiff, and has performed all the conditions and agreements by him to be performed. The lease under which the defendant held was for one year, and was under seal. The court refused to admit evidence offered by the defendant of a parol release of the demise, to which ruling the defendant excepted. There was a verdict and judgment for the plaintiff, and the defendant appeals from an order denying a motion for a new trial.

Argued before DALY, C. J., and BISCHOFF, Jr., and PRYOR, JJ.

*Thomas Darlington,* for appellant. *James M. Smith,* for respondent.

PRYOR, J. Admitting the averments of the complaint, for affirmative defense the answer alleges "that some time in the month of September, 1879, the defendant having paid his rent to the 1st day of October, 1879, the defendant represented to the plaintiff the changed condition of said premises, and the injury to the health of defendant's family occasioned thereby, and it was thereupon agreed by and between the said plaintiff and the said defendant that if the said defendant should on or prior to the 1st day of October, 1879, surrender to the plaintiff possession of said premises, and should indemnify and hold harmless from any commissions for reletting for the remainder of said term which might be demanded by one V. K. Stevenson, he